BEDNAR, APPELLANT, *v.* BEDNAR, APPELLEE.

(No. 11332—Decided April 4, 1984.)

*Daniel T. Wilson,* for appellant.
*Howard L. Calhoun,* for appellee.

GEORGE, J. The appellant, William Bednar, appeals the trial court's denial of his motions for relief from judgment. This court affirms the judgment of the trial court.

William was married to Marilyn M. Bednar, appellee herein, for twenty-six years. Their marriage was dissolved on February 6, 1976. Paragraph 11 of the separation agreement, which was incorporated into the dissolution decree, provided in part:

"Should the Husband [William] receive from either or both of his parents, by means of inheritance, bequest or devise, any lump sum payment of money or property, either real or personal, he shall immediately divide and pay over one-third (⅓) of said money and property to the Wife [Marilyn], one-third (⅓) of said money and property to his daughter, CAROLYN D. BEDNAR, and the remaining one-third (⅓) of said money and property to his daughter, LAUREL L. BEDNAR."

Adolph Bednar, appellant's father, died August 1, 1981, leaving a million dollar trust for the benefit of Adolph's wife, Ruth A. Bednar, for her life. Ruth, appellant's mother, died testate on September 5, 1982, leaving assets worth $414,332.42. She named appellant as the sole contingent beneficiary. On April 20, 1983, appellant filed a motion for relief from the dissolution decree, claiming that Paragraph 11 was null and void. Marilyn responded with a motion to dismiss, claiming that appellant's motion was untimely filed and failed to meet the requirements of Civ. R. 60(B). Thereafter, appellant filed an amended Civ. R. 60(B) motion and an amended affidavit claiming that the separation agreement was void. Further, he requested an evidentiary hearing. This request was denied.

On August 12, 1983, the trial court dismissed appellant's motion for relief from judgment. Appellant died on October 9, 1983. Alice Y. Murry was appointed executrix of his estate and was substituted as appellant in this case. For purposes of clarity, this court shall continue to refer to William as the appellant. Appellant appeals from this judgment, raising three assignments of error. The first two assignments of error concern the dismissal of appellant's motions for relief. Since they were briefed together, they will be discussed together.

Essentially, appellant sought relief from Paragraph 11 of the 1976 dissolution decree on two grounds. First, he claims that this paragraph is void because it is contrary to law. This is based on the argument that a presumptive heir cannot transfer his expected inheritance. Second, he claims that he was induced into accepting the terms of the decree through fraud and duress.

Appellee contends that appellant failed to meet the requirements of Civ. R. 60(B). Specifically, she argues that appellant sought relief pursuant to Civ. R. 60(B)(3). Under this provision, a motion for relief must be filed within one year from the date of the judgment. Since appellant waited seven years, appellee claims that his motion for relief was untimely.

Initially, this court must determine whether the time limitations of Civ. R. 60(B) apply. Ohio courts have the inherent power to set aside a void judgment. This power is not subject to the time limitations of Civ. R. 60(B). *Lincoln Tavern, Inc.* v. *Snader* (1956), 165 Ohio St. 61 [59 O.O. 74]. If appellant is correct in his assertion that the decree, as it related to his inheritance, was void, the time limitations of Civ. R. 60(B) are not applicable.

Under Ohio law, a person who expects to inherit property may, under certain circumstances, transfer that expectancy. This assignment will be valid and enforceable only if it meets the standards set forth by the Ohio Supreme Court in *Hite* v. *Hite* (1929), 120 Ohio St. 253, 263, which provides:

"* * * If and when the hopes and expectations of the presumptive heir are realized, and his inheritance becomes absolute and definable, it would be inequitable to permit him to hold the interest in the estate and at the same time retain the consideration received from the other party to the contract.

"A court of equity should therefore enforce it as a contract to sell and convey, but, before decreeing such performance, should inquire into the circumstances from which the contract evolved, not merely to determine whether grantor had made a wise bargain, and whether it could afterwards be shown to have been improvident, but to ascertain whether fraud or imposition was practiced, whether made under the pressure of necessity, and whether supported by an adequate consideration. In addition to such inquiries, a court of equity should apply the same tests as are applied to any ordinary suit where specific performance of a contract is sought. * * *"

As in *Hite, supra,* the subject matter of the agreement in this case concerns an expectancy in the estate of a living ancestor. The agreement shall be enforced as long as it was not a result of fraud or imposition, and was supported by adequate consideration. The record reveals that appellant offered and appellee accepted an uncertain inheritance. Appellant was anxious to dissolve the marriage with appellee, anticipating a new relationship. Further, the record indicates that appellant suggested the contingent inheritance. The obvious intent was to sweeten appellee's acceptance of the dissolution of marriage in order to expedite its conclusion. The fact that appellant believed his parents had disinherited him is irrelevant.

Thus, this agreement was not entered into through fraud or imposition. Further, it was supported by adequate consideration. Accordingly, this court holds that Paragraph 11 of the dissolution decree, which requires appellant to divide and pay over his inheritance to appellee and the children, is valid and enforceable. Since the inheritance has become absolute and definable, appellee and the children can enforce their rights under the dissolution decree.

Given that the 1976 judgment is valid, appellant's only avenue for relief from this judgment would be pursuant

to Civ. R. 60(B). Since appellant failed to file his motions for relief within the time provided by the rule, his motions for relief were not well-taken. Thus, the first and second assignments of error are overruled.

Appellant's third assignment of error concerns the trial court's failure to grant an evidentiary hearing. The trial court has the authority to dismiss a Civ. R. 60(B) motion without first granting an evidentiary hearing when such motion is untimely filed. *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251]. Therefore, the trial court did not abuse its discretion by not holding an evidentiary hearing.

Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and QUILLIN, J., concur.