In re Richard GRANGER and Rose Marie Granger, Debtors.

Malcolm L. GOODMAN, Trustee, Plaintiff,

v.

Carl GRANGER, et al., Defendants.

Bankruptcy No. 86–0271.
Related Case: 86–02181.

United States Bankruptcy Court, N.D. Ohio, W.D.

July 27, 1988.

Malcolm L. Goodman, Marion, Ohio, trustee.

Carl Granger, Marion, Ohio, pro se.

Theodore P. Frericks, IV, Marion, Ohio, for Iva Lessley.

John P. Firstenberger, Marion, Ohio, for debtors.

Joanne C. Rutkowski, Washington, D.C., Verne K. Armstrong, Toledo, Ohio, for U.S.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing to Determine Lien Priorities. At the Hearing, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The parties were given fourteen (14) days to file additional Memoranda of Law on this subject. The Court has reviewed the evidence and arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the lien of the Internal Revenue Service should be held superior to the claim of Iva Lessley.

## FACTS

The facts in this case are not in dispute. The Debtors, Richard and Rose Granger, filed a Chapter 7 Petition on October 8, 1986. In their Schedules, the Grangers listed, as an asset, Richard Granger's one twelfth (1/12) interest in the estate of Gertrude H. Granger, who died on March 12, 1986.

On December 16, 1986, the Trustee filed a Complaint for Turnover of the funds held by the executor of Gertrude Granger's estate. All the parties who have claimed an interest in the decedent's estate signed an Order which was submitted to the Court, consenting to the turnover of funds, but reserving the issue of lien priorities for later determination. It is the lien priority issue which is currently before the Court.

The Internal Revenue Service asserts liens totalling Thirty-three Thousand Eight Hundred Sixty-eight Dollars and Eight Cents ($33,868.08) on the Debtors' interest in the estate of Gertrude H. Granger by virtue of several federal tax lien notices filed against the Debtors in Marion County. The United States has asserted the following federal tax liens:

| Kind of Tax | Taxable Period Ending | Date of Assessment | Date Notice of Lien Filed* | Amount |
|---|---|---|---|---|
| Income | 1971 | 05-19-82 | 05-16-83 | $ 794.44 |
| Income | 1972 | 05-19-82 | 05-16-83 | 16,745.85 |
| Income | 1973 | 05-19-82 | 05-16-83 | 8,035.22 |
| Income | 1974 | 05-19-82 | 05-16-83 | 4,230.95 |
| Income | 1975 | 05-19-82 | 05-16-83 | 570.32 |
| Income | 1977 | 10-06-81 | 11-09-83 | 528.50 |
| Income | 1982 | 04-04-83 | 11-09-83 | 583.95 |
| Income | 1984 | 03-18-85 | 07-08-85 | 1,512.72 |
| Income | 1983 | 03-26-84 | 07-08-85 | 866.13 |

* Office of the Recorder, Marion County, Ohio

The other Creditor asserting a lien is Iva Lessley. On January 9, 1987, Iva Lessley filed a Proof of Claim which stated that her claim arose from a 1981 default judgment against Richard L. Granger for Sixteen Thousand Five Hundred Ninety-one Dollars and Sixty-nine Cents ($16,591.69), plus Ten Percent (10%) interest per year. Iva Lessley's Proof of Claim also stated that "Garnishment issued out of Marion County Common Pleas Court Case No. 81–CI–479 on 3–10–86 against 1/12 interest in the residuary Estate of Gertrude Granger." On October 1, 1987, Iva Lessley filed her Motion to Determine Lien Priorities and to Disapprove Trustee's Account.

## LAW

██ A debtor's assets in the hands of the Trustee are subject to all liens and encumbrance existing at the time of filing, which are not otherwise invalidated by law. *In re Darnell*, 834 F.2d 1263, 1265 (6th Cir.1987). Valid liens are recognized as a charge upon the debtor's assets, and such liens must be satisfied out of the assets which are encumbered before any proceeds of the assets are available to general creditors. *Id.* at 1265. The issue presented in this case concerns the relative priorities to be accorded two competing liens.

██ The Internal Revenue Service asserts their lien under 26 U.S.C. § 6321. Pursuant to that statute, the I.R.S.'s lien attaches to "all property or rights to property ... belonging to" the delinquent taxpayer. The lien attaches to "every interest in property that a taxpayer might have."

*United States v. National Bank of Commerce*, 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565, 573 (1985). The determination of whether a federal tax lien has attached to specific property involves questions of both state and federal law. The Court must look to state law to determine the extent of the taxpayer's property interest. *See, United States v. Rogers*, 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed. 2d 236, 246 (1983); *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed. 2d 1365 (1960). Once the taxpayer's property interest is ascertained under state law, federal law determines the consequences of that determination. *United States v. Rotherham*, 836 F.2d 359, 362 (7th Cir.1988); 35 Am.Jur.2d *Federal Tax Enforcement* § 10.

In the present case, all the I.R.S.'s notices of tax liens were filed before Iva Lessley garnisheed the estate of Gertrude Granger on March 10, 1986. Accordingly, if the I.R.S.'s liens attached to the estate of Gertrude Granger, the I.R.S. would prevail. As a general rule, between valid competing liens, "the first in time is the first in right." *United States v. City of New Britain*, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520, 525 (1954). Therefore, the Court's initial concern must be the state law status of the delinquent taxpayer's interest in the estate of Gertrude Granger prior to the garnishment issued by the Common Pleas Court.

In *Union Properties, Inc. v. Patterson*, 142 Ohio St. 192 (Ohio 1944), the Ohio Supreme Court considered the question of whether or not the interest of a judgment debtor-legatee could be reached through a creditor's bill. The Court determined that the equitable interest of the debtor in money or property held by an executor or administrator of a decedent's estate can be subject to payment of a judgment through a creditor's bill, even though the creditor's bill was filed before an order of distribution has been made. In reaching its decision in *Union Properties*, the Ohio Supreme Court examined Section 11760 of the General Code (repealed). The statute specifically required that a judgment debtor have an equitable interest in the property which the creditor's bill sought to subject to payment of the judgment. Accordingly,

it appears that even prior to an order of distribution, a legatee has an equitable interest in property held by an administrator under Ohio law. However, the property does not vest in the heir or legatee until the order of distribution has been made. *Orlopp v. Schueller*, 72 Ohio St. 41, 73 N.E. 1012 (Ohio 1905); *Stemple v. Stemple*, 12 Ohio Misc. 147, 230 N.E.2d 677 (Tuscarawas Cty.Common Pleas 1967).

Nevertheless, the equitable interest of a devisee or legatee in property held by an executor may be validly transferred under Ohio law. *Cf. Hite v. Hite*, 120 Ohio St. 253, 166 N.E. 193 (Ohio 1929); *Hoyt v. Day*, 32 Ohio St. 101 (Ohio 1977); *Bednar v. Bednar*, 20 Ohio App.3d 176, 485 N.E.2d 834 (Ohio Ct.App.1984); *Taylor v. Connell*, 26 Ohio App.2d 253, 255, 271 N.E.2d 305, 307 (Ohio Ct.App.1971).

In determining whether a taxpayer's interest in property was sufficient for a federal tax lien to attach, the District Court for the Northern District of Iowa stated:

> The lien given by Section 6321 is very broad and comprehensive. It attaches to all property and rights to property which are subject to ownership which can be transferred and which can be brought under the dominion of the Court by its usual processes;

*Randall v. Colby*, 190 F.Supp. 319, 326 (N.D.Iowa 1961).

The Ninth Circuit Court of Appeals utilized a different set of factors in determining if a federal tax lien could attach to a right of redemption, which under California law is classified as a "privilege". The court examined the right of redemption to determine "if such interest represents an economic asset in the sense that it has a pecuniary worth and is transferable ..." *Little v. United States*, 704 F.2d 1100, 1106 (9th Cir.1983).

■ The equitable interest of a legatee has a pecuniary worth and is subject to equitable ownership. It can be transferred, and it can be brought under the dominion of the courts through a creditor's bill. Consequently, under either courts' definition, it appears that the delinquent taxpay-

er's interest in the estate of Gertrude Granger was sufficient for the tax liens to attach.

The United States District Court for the Western District of Wisconsin considered a similar fact situation in *United States v. Arneson,* 74–2 U.S. Tax Cases ¶ 9651 at 85,105 (W.D.Wisc.1974) [available on WESTLAW, 1974 WL 634]. The relevant portion of the *Arneson* decision concerns the I.R.S.'s motion for an order allowing it to foreclose its tax lien upon Philip G. Arneson's interest in the estate of his father Anton Arneson. The court stated:

> ... because under Wisconsin law Philip Arneson's interest could be reached by creditors, and because there was no renunciation by him, I conclude that the interest he acquired in Anton Arneson's estate at Anton Arneson's death constituted a '(right) to property' within § 6321 Internal Revenue Code. Therefore, federal tax liens attached to Philip Arneson's interest in Anton Arneson's estate as of the date of Anton Arneson's death, and federal tax liens based on assessments made subsequent to Anton Arneson's death attached to Philip Arneson's interest in Anton Arneson's estate no later than the date at which they were filed.

(footnote omitted). *Arneson, supra,* at 85,107.

Based upon the authorities cited, the Court finds that the liens of the I.R.S. attached to the taxpayer's interest in the estate of Gertrude Granger prior to Iva Lessley's garnishment of the estate. Thus, under the general rule that the lien that attaches first prevails, the I.R.S.'s lien is entitled to priority. *United States v. City of New Britain, supra.*

Moreover, it appears that even if the lien of the Internal Revenue Service did not attach first, Iva Lessley would not have a valid lien under Ohio law. Money or property held by the executor or administrator of an estate in their representative capacity, cannot be reached by attachment or garnishment in an action against the heir or legatee before an order of distribution has been made. *Orlopp v. Schueller,*

72 Ohio St. 41, 73 N.E. 1012 (Ohio 1905); *Union Properties, Inc. v. Patterson,* 143 Ohio St. 192, 54 N.E.2d 668 (Ohio 1944). As previously noted, a creditor must use a creditor's bill to reach the debtor-legatee's equitable interest.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the liens of the Internal Revenue Service, under 26 U.S.C. § 6321, are hereby held to have priority over the claim of Iva Lessley.