**In re Daniel M. WILAND, Debtor.**

No. 87–02283.

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 14, 1989.

L. Mari Taoka, Toledo, Ohio, for debtor.

Mark L. Pietrykowski & Bernard M. Striegel, Jr., Toledo, Ohio, for State Farm Mut. Ins.

Anthony B. Disalle, Toledo, Ohio, trustee.

MEMORANDUM OPINION
AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtor's Objection to Claim of State Farm Mutual Insurance Company. The Court allowed the parties Thirty (30) days to file Briefs on the issues presented. Both parties filed Briefs, and the matter is decisional. The Court has reviewed the written arguments of counsel, as well as

the entire record in this case. Based on that review, and for the following reasons, the Court finds that State Farm Mutual Insurance Company did not receive proper notice.

## FACTS

The facts in this case are not in dispute. Beginning in 1978, the Debtor, Daniel M. Wiland, had operated a chimney cleaning business under the name Chim Tech Chimney Sweeps. On March 19, 1987, State Farm filed a Complaint in the Common Pleas Court of Lucas County against Chim Tech, alleging that the Defendant's negligence was the proximate cause of a fire at the home of Michael and Kimberly Lee. The Lees are also named Plaintiffs in the Complaint. State Farm had insured the home against fire, and had paid the Lees the amount of Twenty-five Thousand Six Hundred Sixty-four Dollars and Four Cents ($25,664.04). The Complaint states that the Lees paid a deductible of One Hundred Dollars ($100.00).

Daniel M. Wiland filed an Answer to the Complaint on May 25, 1987. He filed his Chapter 13 Petition with this Court on October 6, 1987. In his Schedules, the Debtor lists "State Farm" with an address in Newark, Ohio. The debt is listed as "$214.03 Auto Insurance." The Lees are not listed as creditors. The caption of the Complaint filed in Common Pleas Court reads: "State Farm Fire and Casualty Company, 12611 Eckel Junction Road, Perrysburg, Ohio 43551". Also in the caption are the Lees' names and address.

The Debtor's Plan was confirmed on November 20, 1987. The Plan calls for the payment of Seventy Percent (70%) of the allowed claims over a Five (5) year period. On April 20, 1988, Debtor's bankruptcy counsel filed a "Notice of Stay" with the Common Pleas Court. On May 12, 1988, State Farm filed a Proof of Claim in the Debtor's Chapter 13 case. It is not disputed that the claim was untimely filed. A "Motion to Allow Additional Claims" was filed by the Chapter 13 Trustee, seeking to have State Farm's claim allowed. Debtor's counsel filed an "Objection to Allowance of Claim of State Farm Mutual". Debtor's Objection states that State Farm was listed in the Petition, but the claim was not filed until after the February 18, 1988 deadline. State Farm's response is that they did not receive adequate notice, and therefore should be allowed to participate in the Plan, despite the lateness of their claim.

## LAW

The first issue to be addressed is the adequacy of the notice provided to State Farm. In addressing the issue of what notice is required, the Supreme Court has stated:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Company* 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865, 875 (1950).

In the present case, the Creditor has argued that notice was insufficient because the Debtor failed to list the correct address for State Farm Fire and Casualty Company. Instead, the Debtor listed the address for State Farm Mutual Automobile Insurance Company, which counsel notes is a separate corporation. It appears that the office which was actually noticed was the regional office for the area.

Debtor's counsel argues that the Debtor met the requirement of "reasonable diligence" in completing his schedules and lists. *See, In re Lee & Sons, Inc.*, 95 B.R. 316 (Bankr.M.D.Pa.1989); *In re Fauchier*, 71 B.R. 212 (9th Cir.B.A.P.1987); *In re Blossom*, 57 B.R. 285 (Bankr.N.D.Ohio 1986); *In re Gray*, 57 B.R. 927 (Bankr.D.R. I.1986); *In re Brown*, 27 B.R. 151 (Bankr. N.D.Ohio 1983); *In re Lorenzen*, 21 B.R. 129 (Bankr.N.D.Ohio 1982). In support of that contention, counsel for the Debtor notes State Farm's failure to distinguish between the "Fire and Casualty Company" and the "Mutual Automobile Insurance Company" in their Yellow Pages advertise-

ments. Debtor's counsel also cites cases which indicate that a "less definite and more general address" may be sufficient when the entity served is well known. *See, In re Robintech, Inc.,* 69 B.R. 663, 665 (Bankr.N.D.Tex.1987); *In re American Properties, Inc.,* 30 B.R. 239, 244 (Bankr.D. Kan.1983).

In the usual case of this type, the Court would follow *In re Lee & Sons, Inc., supra,* and reject State Farm's contention that notice was insufficient. State Farm's failure to distribute mail to the proper entity, by itself, is a very weak defense to the discharge of a scheduled debt. However, in the present case, there are two additional facts which lead the Court to conclude that State Farm should prevail.

First, the correct address of the plaintiff was on the Complaint which had been filed in the Lucas County Common Pleas Court less than one year prior to the filing of the Debtor's Petition. "Reasonable diligence" by the Debtor should include remembering the fact that he had been sued for over Twenty-five Thousand Dollars ($25,000.00), particularly when he had hired two attorneys to file an Answer. Moreover, a review of the Debtor's Answer to the lawsuit reflects that it was filed only Five (5) months prior to the filing of the Chapter 13. Thus, it appears that the Debtor, under these facts, failed to use reasonable diligence in completing his Schedules.

The second fact which prevents the Court from finding adequate notice is the total absence of any indication that the Debtor intended to list the lawsuit or the underlying contingent obligation. The Debtor listed "Auto insurance" as the basis for his debt to State Farm. He did not list the Lees, who were also plaintiffs in the lawsuit against Chim Tech. Further, under 12a of the "Statement of Financial Affairs For Debtor Engaged In Business", the Debtor was asked: "Were you a party to any suit pending at the time of the filing of the original petition herein?" In answer to the question, the Debtor wrote, "None". However, the Debtor was able to list two other lawsuits, under question 12b, that had been concluded prior to filing.

The standard for notice set forth in *Mullane* requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action ..." The phrase "reasonably calculated" presupposes the noticer's intention to actually inform the interested parties. In the case at bar, for whatever reason, the Debtor's Schedules do not reflect an intention to inform the parties to the lawsuit of the Chapter 13 filing. The fact that the Debtor fortuitously listed a totally unrelated debt with the same organization, (or as State Farm argues, a separate corporation with a similar name) will not be deemed sufficient. Therefore, based upon the facts in this case, including the absence of an intention to notify the Creditor, and the lack of actual notice to the listed plaintiffs in the lawsuit, the Court finds that the claim of State Farm Mutual Insurance Company should be allowed.

Accordingly, it is

ORDERED that the Trustee's Motion to Allow Additional Claim be, and is hereby, Granted.