**In re William H. FELL and Phyllis M. Fell dba Dorcarlyn Farms, Debtors.**

**Bankruptcy No. 84–01479.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 22, 1989.

Leon Friedberg, Columbus, Ohio, for AgriStor Credit Corp.

Steven Diller, Van Wert, Ohio, for debtors.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtors' Motion to Determine Allowance of Supplemental Claim of Agri-Stor Credit Corp. and Distribution Under the Plan. At the Hearing, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the Memoranda, the Plan, Disclosure Statement, and Schedules, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the unsecured portion of AgriStor's claim should be allowed in the amount of Twenty-one Thousand One Hundred Sixty-two Dollars and One Cent ($21,162.01).

## FACTS

The facts in this case do not appear to be in dispute. AgriStor Credit Corporation (hereinafter "AgriStor") was the assignee-vendor under a retail installment contract for the purchase of certain agricultural equipment by the Debtors. The contract was breached, and an action was brought before the Honorable John W. Potter, United States District Court for the Northern District of Ohio, Western Division. The Plaintiff, AgriStor, was awarded a default judgment against the Fells in the amount of Fifty-one Thousand One Hundred Sixty-two Dollars and One Cent ($51,162.01), plus interest at the rate of Sixteen Dollars and Forty-five Cents ($16.45) a day, and costs.

AgriStor was the holder of a perfected purchase money security interest in a piece of equipment known as a 4219 Slurrystore,

and also held a judicial lien on the Debtors' real property by virtue of the filing of a Certificate of Judgment in the Allen and Auglaize County Clerks' Offices in February of 1984.

About seven (7) months later, on September 18, 1984, the Debtors filed their Chapter 11 Petition. They filed their Schedules on October 16, 1984 and listed "Gateway Harvestore Systems" as a secured creditor with a listed debt of Thirty-eight Thousand Five Hundred Dollars ($38,500.00). The Debtors noted that the claim was disputed as to the balance. The Schedules did not reflect the judgment amount of Fifty-one Thousand One Hundred Sixty-two Dollars and One Cent ($51,162.01). However, in answer to Question 12 in the Petition, the Debtors included "Exhibit B", listing the District Court case as *"Gateway Harvest Store v. Harold W. Fell."* Exhibit B notes that judgment was granted, but it does not recite the amount. Counsel for the Debtors stated that a copy of the Petition was sent to AgriStor by the Court in May of 1985, and that the Debtors sent AgriStor copies of the Plan and Disclosure Statement on May 13, 1985.

In the Plan, the term "Claim" is defined as:

5. "Claim" shall mean any duly listed or timely filed claim which is approved and ordered paid by the Court following determination, allowance and estimation, if necessary, of the amount of the Claim pursuant to 11 U.S.C. Section 502.

The Plan places AgriStor in Class Five (5), stating:

*Class 5:* The claim of Agristore [sic] Credit Co. shall be paid by payment of the sum of Four Hundred Dollars ($400.00) per month commencing thirty (30) days after confirmation until November 1, 1985 at which time the debtors shall commence monthly installments of Nine Hundred Dollars ($900.00). The balance to be paid to said creditor shall be the sum of Thirty Thousand Dollars ($30,000.00) with interest to be determined at the rate of Thirteen percent (13%) per annum. The balance of the unsecured claim pursuant to 11 U.S.C.

§ 506(a) shall be treated as an unsecured claim under Class 7.

Class 7 of the Plan states:

*Class 7:* The claims of unsecured creditors duly proved and allowed shall be paid on a pro rata basis in the following fashion.

1. $ 5,000.00 on November 30, 1985
2. 5,000.00 on November 30, 1986
3. 10,000.00 on November 30, 1987
4. 10,000.00 on November 30, 1988
5. 10,000.00 on November 30, 1989

It should be noted that the estimated value of AgriStor's security was Ten Thousand Dollars ($10,000.00) lower in the Disclosure Statement and Plan than the value originally assigned in the Petition. On April 26, 1985, a Notice of Appearance was filed on behalf of AgriStor. In approving the Debtors' Disclosure Statement, the Court set October 3, 1985 as the deadline for the filing of claims. AgriStor did not file a proof of claim, nor an Objection to the Plan, nor a Ballot accepting or rejecting it.

AgriStor filed a proof of claim for the unsecured portion of its obligation on January 12, 1988. A second claim was filed by AgriStor on January 25, 1988, because the first claim was not signed. On October 3, 1988, the Debtors filed a Motion to Determine Allowance of Claim and Distribution Under the Plan. A Hearing was held on the Motion, and the matter is decisional.

### LAW

█ The issue before the Court is whether the Debtors are required to pay the unsecured portion of AgriStor's claim. It is the Debtors' position that they are not obligated to make those payments because AgriStor failed to file a proof of claim prior to January of 1988. Section 501(a) states: "A creditor ... may file a proof of claim." The legislative history indicates that § 501(a) is permissive only, and that no creditor is required to file a proof of claim. *See,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 351 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. However, if a creditor wants the undersecured portion of

its secured claim to be allowed and paid pursuant to 11 U.S.C. § 506(a), then a proof of claim must be filed in accordance with Bankruptcy Rule 3002. *See, In re Johnson,* 95 B.R. 197, 200 (Bankr.D.Colo.1989); *Matter of Burrell,* 85 B.R. 799, 801 (Bankr. N.D.Ill.1988); *Relihan v. Exchange Bank,* 69 B.R. 122, 125 (S.D.Ga.1985); *In re American Skate Corp.,* 39 B.R. 953, 954 (Bankr.D.N.H.1984); *In re Francis,* 15 B.R. 998, 1003 (Bankr.E.D.N.Y.1981); 3 *Collier on Bankruptcy* ¶ 501.01 at 501–2 (15th ed. 1988).

The rules for filing proof of claims are somewhat different for Chapter 11 cases. Bankruptcy Rule 3003(c)(2) states, as it did in 1984:

> (2) **Who Must File.** Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

AgriStor has made several arguments based upon the fact that they were included in the Debtors' Disclosure Statement and Plan of Reorganization. The essence of AgriStor's position appears to be an appeal to equity, in that they were misled by the definitions found in the Disclosure Statement and Plan. The Debtors filed their Petition on September 18, 1984. The Disclosure Statement and Plan were filed January 31, 1985. Bankruptcy Rule 3003(c)(3), which applies in Chapter 11 cases, states: "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." In the present case, the Court issued an Order on August 15, 1985, setting the deadline for creditors filing proofs of claim. The Order states: "That creditors' claims that are not listed, or whose claims are listed as disputed, contingent, or unliquidated as to amount, who desire to cast a ballot or share in distribution under the Plan must file a proof of claim on or before October 3, 1985." The above Order was sent out with the Disclosure Statement and Plan of Reorganization.

In Class 5 of the Plan, terms for the repayment of the secured portion of AgriStor's claim are set forth, and then there appears the statement: "The balance of the unsecured claim pursuant to 11 U.S.C. § 506(a) shall be treated as an unsecured claim under Class 7." AgriStor asserts that because § 506(a) deals with "[a]n allowed claim of a creditor ...", they were justified in assuming that the unsecured portion of their claim was allowed without the necessity of filing a proof of claim as would otherwise be required for participation in the distribution. AgriStor also contends that they were misled by the definition of the word "claim", which is defined as "any duly listed or timely filed claim ...". AgriStor argues that the use of the word "listed" should be read as "listed in the Plan or Disclosure Statement", rather than as "listed in the Debtors' schedules". AgriStor maintains that the Debtors should have been more precise, and used the word "scheduled" instead of "listed".

Initially, the Court finds that the definition of "claim" is not misleading. In the parlance of bankruptcy, debts are listed in the schedules. The word "listed" is used interchangeably with the word "scheduled". *See, e.g., Matter of Pearson,* 773 F.2d 751, 752 (6th Cir.1985); *In re Yoder Co.,* 758 F.2d 1114, 1120 (6th Cir.1985); *Rowan v. Morgan,* 747 F.2d 1052, 1054 (6th Cir.1984); *In re Slentz,* 94 B.R. 446, 450 (Bankr.N.D.Ohio 1988); *In re Jones,* 94 B.R. 99, 100 (Bankr.N.D.Ohio 1988); *Matter of Young,* 93 B.R. 590, 591 (Bankr.S.D. Ohio 1988); *In re Holman,* 92 B.R. 764, 766 (Bankr.S.D.Ohio 1988); *In re Granger,* 90 B.R. 298, 299 (Bankr.N.D.Ohio 1988); *In re Pyramid Bldg. Co.,* 87 B.R. 38, 39 (Bankr.N.D.Ohio 1988); *In re Lindgren,* 85 B.R. 447, 447 (Bankr.N.D.Ohio 1988). While Bankruptcy Rule 3003(c)(2) does use the word "scheduled", it does not make an exception in the filing requirements for claims discussed in a Plan of Reorganization. Thus, though it would have been possible to make the definition of "claim" somewhat clearer by explicitly stating "list-

ed in the schedules", the definition does not support AgriStor's position that it did not need to file a proof of claim.

Further, while AgriStor argues that their claim is not "listed" as "disputed" in the Plan and Disclosure Statement, there is no value assigned to the unsecured portion of AgriStor's claim. In the Petition, the total amount owed is listed as Thirty-eight Thousand Five Hundred Dollars ($38,500.00). Thus, if a creditor had been reviewing the file prior to casting a ballot on the Plan, it would appear that only Eight Thousand Five Hundred Dollars ($8,500.00) would be due AgriStor. In filing their supplemental proof of claim AgriStor has included copies of their judgment and certificates of judgment lien. However, those documents provide information that should have been available to other creditors prior to Confirmation of the Plan. *See*, Bankruptcy Rule 3001(c), (d) and (f).

■ On the other hand, the explanation of Class 5's treatment under the Plan was somewhat misleading. The reference to § 506(a) could be read as allowing the unsecured portion of AgriStor's claim, particularly if it followed negotiations between the parties. However, balancing this potential for misunderstanding is AgriStor's status as a sophisticated lender. Asking such a creditor to be familiar with the requirements of Bankruptcy Rules 3002 and 3003 is not unreasonable. Moreover, Class 7 of the Plan states: "The claims of unsecured creditors *duly proven* and allowed ..." (emphasis added). Accordingly, the reference to § 506(a), standing alone, is not sufficient to excuse the failure to file a proof of claim.

■ AgriStor's allegation of unfairness is also based on the Debtors' failure to list the information contained in the default judgment issued by the District Court on February 8, 1984. The judgment is captioned *AgriStor Credit Corp. v. William H. Fell,* and it awards the creditor Fifty-one Thousand One Hundred Sixty-two Dollars and One Cent ($51,162.01), plus interest and costs. Nevertheless, the Debtors did not list the correct name of the creditor, or the judgment amount in their Petition.

In a recent decision, this Court observed that reasonable diligence in completing the Schedules should include remembering lawsuits and their contents. *In re Wiland,* 103 B.R. 868 (Bankr.N.D.Ohio 1989). Thus, though AgriStor did not present evidence which would lead the Court to question the adequacy of notice to them through Gateway Harvestor Systems, the omission of both the correct name of the creditor and the judgment amount are circumstances which shift the equities in favor of AgriStor.

If the Fells had listed AgriStor by name, along with the amount of the judgment, the Court would be more inclined to rule in favor of the Debtors. The status of AgriStor's claim would have been much clearer. AgriStor would have had notice that it was undersecured, and that the amount of its claim was disputed. (This Court does allow, in the appropriate circumstances, debtors to dispute the validity and amount of default judgments.) However, in the present case, AgriStor was not named as the creditor. In addition, the Petition reflected that AgriStor was fully secured, but that the amount of the claim was disputed. Coupling these facts with the reference in Class 5 to § 506(a), the Court will allow AgriStor's unsecured claim, in the amount of Twenty-one Thousand One Hundred Sixty-two Dollars and One Cent ($21,162.01), without interest or costs.

■ The Court specifically denies interest and costs because AgriStor's omissions also warrant some sanction. First, there was an excess of over two (2) years delay in bringing this matter to the Debtors' attention. Second, the Court expects more from a sophisticated lender such as AgriStor Credit Corporation. The simple filing of a proof of claim would have saved the parties, and the Court, a great deal of time. From the information available to the Court, it appears that AgriStor and the Debtors negotiated a compromise, setting the total amount of its secured claim, including AgriStor's judgment lien against the Debtors' real estate. However, AgriStor never reduced the terms to writing in the form of a stipulation. At least no

stipulation was presented to the Court for review. Therefore, while AgriStor might very well have prevailed on its "informal proof of claim" theory, which was not addressed in this Opinion, some sanction appears appropriate.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Debtors' Motion to Determine Allowance of Claim and Distribution Under the Plan be, and is hereby, Granted.

It is FURTHER ORDERED that the unsecured claim of AgriStor Credit Corporation be, and is hereby, Allowed in the amount of Twenty-one Thousand One Hundred Sixty-two Dollars and One Cent ($21,-162.01).

It is FURTHER ORDERED that the Debtors make all Class 7 pro rata payments to AgriStor on, or before, the date set for the completion of the Plan.