Defendant-appellant Vinnie I. Brackins ("appellant") appeals from the denial of her motion made pursuant to Civ.R. 60 (B) (3) requesting the Cuyahoga County Court of Common Pleas, Domestic Division to vacate the judgment granting Norman R. Brackins' complaint for divorce. We find no error and affirm.
The record demonstrates that appellant's husband, Norman Brackins, filed a complaint for divorce on April 4, 1997. Appellant, although duly served with the complaint, failed to timely answer or appear. The matter came on for hearing May 29, 1997. On June 3, 1997, the court, finding appellant to have been properly served and having failed to answer upon the evidence and the complaint, entered judgment granting the divorce. On June 5, 1997, after the decree of divorce had been entered, appellant filed her answer to the complaint. Although appellant's affidavit submitted with her Civ.R. 60 (B) motion avers that "shortly thereafter" final judgment had been entered on June 3, 1997, her counsel was advised by the court that no appeal from the final judgment was taken. On February 12, 1998, appellant filed her first motion to vacate the judgment granting the divorce in which she asserted that the judgment was not fair, just or equitable because it failed to identify and properly dispose of the entire marital estate. This motion came on for hearing before the magistrate on March 31, 1998, but appellant failed to appear. The magistrate found service of appellant's motion was not duly and properly made upon appellee and recommended that the motion be dismissed without prejudice for want of prosecution. On May 21, 1998, no objections to the magistrate's report having been filed, the court adopted the magistrate's decision. On June 2, 1998, appellant re-filed the motion to vacate judgment and secured proper service upon appellee. On July 9, 1998, the court denied the motion. This appeal follows in which appellant advances a single assignment of error for our review.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED WITHOUT EXPLANATION TO VACATE A JUDGMENT PREDICATED UPON A FRAUD.
Appellant complains that the trial court abused its discretion when it denied her motion to vacate the judgment of divorce because she has "clearly and uncontrovertibly shown [the judgment] to be based upon a fraud: the Plaintiff-Appellee's concealment of a substantial marital asset."
The record demonstrates that the judgment which appellant seeks to set aside was entered upon her default of answer or appearance in accordance with Civ.R. 55. This rule provides inter alia "if a judgment by default has been entered, the court may set it aside in accordance with Rule 60 (B)."
Civ.R. 60 (B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. * * *
To prevail on a motion for relief from judgment the motion must be made within a reasonable time; the party must show that the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B) (1) — (5) and the party must invoke a meritorious defense to present if relief is granted. GTE Automatic Electric,Inc. v. ARC Industries (1976), 47 Ohio St.2d 146. The movant's burden is only to allege a meritorious defense not to prevail on the merits of the defense. Moore v. Emmanuel Family Training Ctr.,Inc. (1985), 18 Ohio St.3d 64. The trial court abuses its discretion where grounds for relief from judgment are sufficiently alleged and are supported with evidence that would warrant relief from judgment but fails to hold a hearing on the matter. Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18; see, also, Brotherhood ofLocomotive Engineers v. Dixon (July 23, 1998), Cuyahoga App. No. 72269, unreported. However, the trial court should overrule a Civ.R. 60 (B) motion if the movant fails to meet all three of the GTE requirements. Volodkevich v.. Volodkevich (1988),35 Ohio St.3d 152, 153.
It is within the sound discretion of the trial court to decide whether to grant a motion for relief from judgment. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. A reviewing court, therefore, will not disturb the trial court's decision absent a clear showing of an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,102. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Wilmington SteelProducts, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122.
Contrary to appellee's assertion that filing a Civ.R. 60 (B) motion within one year of the default judgment is necessarily timely, the determination of whether a motion to vacate is filed within a reasonable time is, like the determination of the motion itself, dependent upon the facts and circumstances of each case.City of Middletown v. Campbell, et al. (1984), 21 Ohio App.3d 63,65, citing Colley v. Bazell (1980), 64 Ohio St.2d 243, 249-250,416 N.E.2d 605; Cautela Bros. v. McFadden (1972), 32 Ohio App.2d 329. Moreover, we have repeatedly held that where the movant fails to explain the reason for his delay, the motion is not timely filed.
In Mt. Olive Baptist Church v. Pipkins Paints HomeImprovement Ctr., Inc. (1979), 64 Ohio App.2d 285, 289, for example, we noted that there was no evidence in the record to explain the delay in filing the motion to vacate. Accordingly, we stated:
 A motion to vacate a default judgment which is filed nearly seven months after actual notice of the action and more than four months after default judgment was entered is not, on its face, a reasonable time within which to file the motion * * *. In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion. (Emphasis added.)
In Kaczur v. Decara dba Cara Construction (July 20, 1995), Cuyahoga App. No. 67546, unreported, we noted that "the amount of time elapsed * * * must be viewed in relation to the excuse [the] defendant offers." Accordingly, where the defendant offered no reason for a nine-month delay in filing his motion for relief from judgment, we found the motion untimely filed.
In Drongowski v. Salvatore (Oct. 1, 1992), Cuyahoga App. No. 61081, unreported, the movant filed his Civ.R. 60 (B) motion eleven months and eight days after entry of the default judgment. We found this delay untimely where appellant "offer[ed] no explanation" for the delay, and we affirmed the trial court's denial of appellant's motion. Id.
In Natl. City Bank v. Hostelley (July 3, 1991), Cuyahoga App. No. 58554, unreported, the movants filed their Civ.R. 60 (B) motion only ten weeks after learning of the default judgment. We noted, however, that "their motion is devoid of any explanation for this delay" and, accordingly, found the motion untimely filed. Id.
In the instant case, appellant's motion was made one day shy of the expiration of the one-year period for her Civ.R. 60 (B) (3). Although appellant was aware of the default judgment taken against her, shortly after the judgment was entered, she asserts that she was diligent in her attempt to resolve the matter without resort to the court and claims the rule allows for up to a year for the filing of the motion. This statement, however, fails to demonstrate in and of itself the reasonableness of the delay in bringing the motion. This court has stated that "the burden is on the moving party to justify any delays in submitting the request for relief." La Pointe v. Ohio Freight Forwarders (Nov. 13, 1991), Summit App. No. 15083, unreported (rejecting motion filed after an unexplained delay of three-hundred and sixty-one days)
In Fauts v. Weiss Carson (1991), 77 Ohio App.3d 563, 566, quoting Adomeit, supra at 103, the Eleventh District has explained this burden:
 the movant has the burden of proof, and "must submit factual material which on its face demonstrates the timeliness of the motion." * * * To sustain this burden, "good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that she is filing [her] motion within a reasonable period of time."
In the absence of such a demonstration, appellant failed to satisfy her burden and her motion was untimely.
In Bednar v. Bednar (1984), 20 Ohio App.3d 176, 178, the court held that "the trial court has the authority to dismiss a Civ.R. 60 (B) motion without first granting an evidentiary hearing when such motion is untimely filed."
Moreover, quite simply, a motion for relief from a default judgment must be denied where the movant fails to allege any reason justifying the failure to file a timely answer. Blascov. Mislik (1982), 69 Ohio St.2d 684. The gist of post-trial relief is to remedy an injustice resulting from a cause that cannot reasonably be addressed during the ordinary trial and appellate proceedings. Volocikevich v. Volodkecvich, supra. In other words, Civ.R. 60 (B) is not a viable means to attack legal errors made by a trial court; rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment. Kay v. Marc Glassman, supra. Appellant's argument pertaining to appellee's fraud in failing to disclose a marital asset is not a proper ground for relief from a default judgment under Civ.R. 60 (B) (3). This argument was available to appellant during the pendency of the action and merely challenges the correctness of the court'.s decision on the merits and could have been raised on appeal. Civ.R. 60 (B) is not available as a substitute for appeal and cannot be used to challenge the correctness of the trial court's decision on the merits. SeeColley v. Bazell, supra. In the instant case, appellant simply disregarded or ignored her obligation under the Civil Rules to present her case.
If a movant requesting relief under Civ.R. 60 (B) has not demonstrated that they are entitled to relief under this rule, a court does not abuse its discretion in denying the requested relief. Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223,228; see, also, Kay v. Marc Glassman, Inc., supra.
We find no abuse of discretion on behalf of the trial court in its refusal to vacate the default judgment entered in favor of appellee where appellant's motion was not timely made; she offered no reason for her failure to answer the complaint; and the motion was premised on grounds which could have been raised through direct appeal.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue Out of this court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
 PATRICIA A. BLACKMON and ANNE L. KILBANE. J., CONCUR.