JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiff-appellant, Chanda Busselle ("Busselle"), appeals the trial court's decision denying her Civ.R. 60(B) motion for relief from judgment. Finding no merit to the appeal, we affirm.
 {¶ 3} In August 2003, Busselle filed her third complaint against defendant-appellee, Redden's Auto Body Garage ("Redden"), for conversion of property associated with car repairs she arranged in 1997. Busselle voluntarily dismissed her two prior complaints without prejudice pursuant to Civ.R. 41(A). In September, Redden moved to dismiss the third complaint pursuant to Civ.R. 41. The court granted Redden's motion on November 26, 2003, the same day Busselle filed her reply to Redden's motion.
 {¶ 4} On November 24, 2004, Busselle filed a Civ.R. 60(B) motion for relief from judgment, which was summarily denied without an evidentiary hearing. {¶ 5} Busselle appeals, raising three assignments of error, which will be addressed together and out of order where appropriate.[1]
 Denial of Civ.R. 60(B) Motion {¶ 6} In her first and third assignments of error, Busselle argues that the trial court abused its discretion by denying her Civ.R. 60(B) motion for relief from judgment and by failing to conduct a hearing prior to ruling on the motion. We disagree.
 {¶ 7} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements of GTE. Yanky v. Yanky,
Cuyahoga App. No. 83020, 2004-Ohio-489, citing Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430,665 N.E.2d 1102.
 {¶ 9} Whether a Civ.R. 60(B) motion is considered to be filed within a reasonable time depends upon the facts and circumstances of each case. Middletown v. Campbell (1984), 21 Ohio App.3d 63,65, 486 N.E.2d 208, citing, Colley v. Bazell (1980),64 Ohio St.2d 243, 249-250, 416 N.E.2d 605. However, we have consistently recognized that filing a Civ.R. 60(B) motion for relief from judgment several months after the party received actual notice of the judgment and absent any explanation for the delay, is considered unreasonable. A. Packaging Serv. Co., Inc. v. Siml
(Sept. 21, 2000), Cuyahoga App. No. 77708 (over 10 months was unreasonable); Brackins v. Brackins (Dec. 16, 1999), Cuyahoga App. No. 75025 (waiting nearly a year to file motion was unreasonable); Mount Olive Baptist Church v. Pipkins Paints andHome Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 289,413 N.E.2d 850 (waiting seven months was unreasonable). See, also,Abrams v. AAL Industries, Cuyahoga App. No. 82831, 2003-Ohio-6179 (waiting nearly a year to file motion absent any explanation was unreasonable).
 {¶ 10} Contrary to Busselle's assertion, this court has explicitly rejected the argument that a Civ.R. 60(B) motion filed within a year is automatically deemed timely. See, Martinko v.Strongsville High School, Cuyahoga App. No. 80068, 2002-Ohio-1404. As we noted in Michael Benza Assoc., Inc. v.Lombardi (June 21, 1999), Cuyahoga App. No. 74418:
"* * * Civ.R. 60(B) specifies that motions filed pursuant to Civ.R. 60(B)(1) through (3) must be made not more than one year after the judgment, order or proceeding was entered or taken. Significantly, however, the rule also orders that the motion must be made within a reasonable time. Thus, while a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 106, 316 N.E.2d 469. In this regard, the movant has burden of proof, and must submit factual material which on its face demonstrates the timeliness of the motion. Id. at 103." (Emphasis added).
 {¶ 11} In the instant case, judgment was rendered against Busselle on November 26, 2003. Busselle waited one year, to November 24, 2004, before filing her Civ.R. 60(B) motion, in which she argued that the motion was filed within a reasonable time because it was within a year from the date of judgment. Busselle also stated that the motion was delayed because she was residing in Florida and was unable to participate in the Ohio proceedings. We find this reasoning insufficient to justify the delay because she had local counsel representing her and the filing of a Civ.R. 60(B) motion does not require client participation or the client's physical presence in the court. Moreover, Busselle provided no authority to support the reasonableness of her delay.
 {¶ 12} Therefore, we find that Busselle's motion for relief was not filed within a reasonable amount of time. Because she has failed to demonstrate that her motion was timely filed, the trial court did not abuse its discretion by denying the motion. GTE,
supra. Moreover, "the trial court has authority to dismiss a Civ.R. 60(B) motion without first granting an evidentiary hearing when such motion is untimely filed." Bednar v. Bednar (1984),20 Ohio App.3d 176, 485 N.E.2d 834.
 {¶ 13} Accordingly, the first and third assignments of error are overruled.
 {¶ 14} In her second assignment of error, Busselle challenges the trial court's dismissal of her complaint. App.R. 4(A) requires that an appeal be filed within thirty days of the date of the entry of the judgment being appealed. It is well settled that an appellate court lacks jurisdiction over any appeal that is not timely filed. Chinnock v. Rothschild, Cuyahoga App. No. 83099, 2003-Ohio-6928, citing State, ex rel. Ormond v. Solon,
Cuyahoga App. No. 82553, 2003-Ohio-5654.
 {¶ 15} Busselle has failed to timely appeal the trial court's dismissal of her complaint. Absent a timely appeal, this court is without jurisdiction to consider Busselle's second assignment of error. Accordingly, it is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Calabrese, Jr., J. concur.
[1] We note that both parties fail to separately argue the assignments of error as required under App.R. 16(A)(7). However, we are able to glean from the briefs those arguments that pertain to the assignments of error and will address them.