[Cite as *Nohle v. Gwiner*, 2013-Ohio-3075.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

DAWN-MARIE NOHLE,

    PLAINTIFF-APPELLANT,          CASE NO. 13-12-59

    v.

COREY GWINER, ET AL.,          O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Trial Court No. 10CV0520

**Judgment Affirmed**

Date of Decision: July 15, 2013

APPEARANCES:

    *Dawn-Marie Nohle,* Appellant

    *Alan B. Dills* for Appellees

**WILLAMOWSKI, J**.

{¶1} Plaintiff-Appellant, Dawn-Marie Nohle ("Nohle"), pro se, appeals the judgment of the Seneca County Court of Common Pleas denying Nohle's Civ.R. 60(B) motion to set aside the dismissal of her case. On appeal, Nohle contends that the trial court abused its discretion when it denied her motion for relief from judgment. For the reasons set forth below, the judgment is affirmed.

{¶2} This case arises from a motor vehicle collision which occurred on November 14, 2005. Defendant-Appellee Corey Gwiner ("Gwiner") failed to stop at a stop sign, causing a collision with Nohle's vehicle. Nohle's vehicle suffered extensive damage and she reported that her "ankle and back [were] hurting." (Appellant's Ex. A, Traffic Crash Report) Gwiner acknowledged fault in causing the accident, so liability is not contested.

{¶3} On November 13, 2007, Nohle, acting pro se, filed a complaint in Case No. 07-CV-0622 seeking damages for alleged injuries and naming Gwiner, his father (Gary Gwiner), and Buckeye State Mutual Insurance Company, as defendants (hereinafter, collectively "Defendants" or "Appellees"). Significant discovery difficulties were encountered, requiring repeated motions to compel against Nohle.

{¶4} The matter was ultimately assigned for trial on October 14, 2009. On the morning set for trial, 41 prospective jurors, defense counsel, Defendants,

the judge and the court reporter were present and ready for trial. (July 28, 2011 Pretrial Tr. 10) Nohle did not appear but, instead, faxed a Civ.R. 41(A) dismissal, without giving any prior notification to the court or defense counsel. (*Id.*)

{¶5} Nohle re-filed a new complaint, Case No. 10-CV-0520, 364 days later, on October 13, 2010. Additional motions to compel completion of discovery followed in this second action. On January 12, 2011, the trial court scheduled this second case for Mediation and Final Settlement Pretrial Conference on July 28, 2011, at 9:00 a.m. The parties had more than six months advance notice of this schedule.

{¶6} On July 28, 2011, Nohle failed to appear for the scheduled mediation at 9:00 a.m. Instead, she called the trial court shortly after 10:00 a.m. and stated on the record that the reason that she was not in attendance was that she was in Columbus for day three of the Ohio Bar Examination. Nohle apologized for not attending and stated that, "suddenly at the last moment, I realized that the third day of the Ohio State Bar exam and this mediation were scheduled for the same day." (Pretrial Tr. 3)

{¶7} The trial court then dismissed the case, noting the long list of repeated difficulties experienced with Nohle during discovery proceedings, the previous abrupt dismissal without prior warning on the morning of trial in the first

case, and particularly her failure to request permission to attend the mediation and final settlement pretrial other than in person or to seek a continuance. (*Id.*)

**{¶8}** The trial court filed its judgment entry on August 1, 2011, denying Nohle's request for a continuance and dismissing the case with prejudice for want of prosecution. This judgment entry was a final appealable order. No appeal was taken.

**{¶9}** Nohle then filed a Civ.R. 60(B) motion for relief from judgment, 364 days later, on July 31, 2012. Nohle's motion stated that her pet Newfoundland, Sadie Lynn, suddenly passed away on the date of the final pretrial, and that she had tried to call the trial court and mediator in order to request permission to attend the mediation via telephone. Nohle stated that "the failure to attend the mediation scheduled for July 28th, 2011, was solely due to the unexpected passing of her companion animal." (Jul. 31, 2012 Civ.R. 60(B) Mtn.) Attached was a veterinary certificate of cremation confirming that the dog's date of death was July 28, 2011. Also attached were phone records indicating that several calls were placed to the Seneca County Clerk of Court's office on July 28th.[1] Appellees filed a brief in opposition.

**{¶10}** The trial court held a hearing on Nohle's Civ.R. 60(B) motion on November 13, 2012. Nohle argued that she was entitled to relief from judgment

---

[1] At the hearing on the motion, the trial court clarified that the number Nohle called was *not* the trial court's telephone number. It was the number for the clerk's office, which is an independent office from the trial court. (Nov. 13, 2012 Tr. 18-19).

because she had a meritorious claim and that the civil rules allow for relief from judgment due to "mistake, inadvertence, surprise or excusable neglect." Nohle claimed that the sudden death of her pet, which was like a member of her family, was sufficient to merit consideration as "surprise" that caused her to miss the mediation. (Nov. 13, 2012 Hrg. Tr. 5) She claimed she did not file her 60(B) motion sooner because she needed the time to get over her grief in order to be in a position where she could discuss the matter in open court. She believed the motion was timely filed because it was within one year after the dismissal.

{¶11} Nohle testified that it was her intention to leave Columbus on the morning of the 28th and skip the third day of the bar exam in order to attend the mediation and pretrial hearing, but that she was unable to do so because of the death of her dog, who was staying with her in the hotel room. After dealing with the death of her pet, she realized she would not be able to travel to the mediation in time, so she claimed that she attempted to contact the court. She did attend the third day of the bar exam, although she signed in late and then took a break from the exam around 10:00 a.m. when she was able to reach the court by telephone during the pretrial hearing.[2] Nohle acknowledged that she had not mentioned the death of her pet when she called the court, but claimed it was because it would have been too upsetting. (*Id.* at 19)

---

[2] Appellees' Exhibit D to their Appellees' Brief is an affidavit from Rosey White, the Bar Admissions Manager, verifying that Nohle was present for all three days of the July 2011 Ohio bar examination.

**{¶12}** On November 20, 2012, the trial court filed its judgment entry denying Nohle's motion, finding that she failed to meet two of the three requirements necessary for relief from judgment. The trial court acknowledged that Nohle had a meritorious claim, as Gwiner had admitted liability. However, the trial court found that the death of a pet dog was not sufficient reason for relief under Civ.R. 60(B)(1) and (5), and that the motion was not timely.

> Even if, however, the dog's death did qualify as some reason justifying relief under 60(B), [Nohle's] motion in this matter was not timely filed. [Nohle] simply argues that she filed the motion within the outer time limit set in the Rule, and thus, it should be considered timely. Defendants correctly point out, however, that the time limit within the Rule is a bright-line outer rule, not the end-all for determining whether such a motion is timely. [Nohle] has provided this Court with absolutely no reason why it would have taken her nearly an entire year to move for relief from judgment under the circumstances she claimed. Without any such justification, this Court finds that [Nohle] did not timely file her motion for relief under the facts presented.

(Nov. 12, 2012 J.E. 5-6)

**{¶13}** It is from this judgment that Nohle appeals, raising the following assignment of error for our review.

### Assignment of Error

**The trial court's denial of [Nohle's] Civil Rule 60(B) Motion to Set Aside Judgment and for Leave to Reschedule Mediation was an abuse of the trial court's discretion.**

**{¶14}** In Nohle's sole assignment of error, she claims that she met all three of the requirements necessary in order to prevail on a motion brought forth under

Civ.R. 60(B). Nohle contends (1) that she has a meritorious claim; (2) that she is entitled to relief under the grounds listed in the statute; and, (3) that her motion was timely. Therefore, she maintains the trial court abused its discretion when it denied her motion, and that her claim should have been tried on the merits.

{¶15} Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order and specifically provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶16} The Ohio Supreme Court has established the following standard for Civ.R. 60(B) motions: "The moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after

the judgment." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The elements entitling a movant to Civ.R. 60(B) relief "are independent and in the conjunctive; thus, the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 1994–Ohio–107.

{¶17} The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Id*. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶18} The parties and the trial court agree that Nohle met the first prong of the three-part test in that she had a meritorious claim. However, the trial court found she had failed to meet the other two requirements in that the death of her dog was not an excusable reason under Civ.R. 60(B)(1) or (5), and that her motion was not timely.

{¶19} Concerning whether the motion was filed within a reasonable time, we acknowledge that the motion was filed within one year – one day short of the *outermost* deadline stated in the rule. However, Civ.R. 60(B) first provides that the motion must be filed within a "reasonable time." Thus, while a motion may be filed within one year, that may not be a reasonable time depending upon the

circumstances of the case. "[W]here the rules provide for *up to* one year from a judgment in which to file, where a party learns of grounds to set aside a judgment within a month of that judgment, but waits until the last day before the year is up, the motion may be considered to have been brought too late." *Falk v. Wachs*, 116 Ohio App.3d 716, 721 (9th Dist.1996), *citing* Staff Notes, Civil Rule 60(B).

**{¶20}** The relief provided by Civ.R. 60(B) is equitable in nature, and a party must act diligently in order to be entitled to it. *GMAC Mtge., L.L.C. v. Lee*, 10th Dist. 11AP-795, 2012-Ohio-1157, ¶ 23, *citing Morris v. Grubb*, 2d Dist. No. 15177 (Mar. 8, 1996). Failure to seek relief from judgment for a substantial period of time after the movant is aware of the grounds for relief demonstrates a lack of due diligence. *Id.* The one-year provision for certain of the grounds for relief is not to be considered an acceptable maximum time limit, because the court must determine if the time delay in requesting such relief is reasonable under the circumstances. *Bankers Trust Co. of California, N.A. v. Munoz*, 142 Ohio App.3d 103 (8th Dist. 2001). Periods as short as twelve weeks have been found to be unreasonable. *Fouts v. Weiss-Carson*, 77 Ohio App.3d 563, 566 (11th Dist.1991). There are numerous cases wherein a trial court has found that the motion for relief from judgment was not filed within a reasonable time, even though it was filed within one year. *See, e.g., Busselle v. Redden's Auto Body and Garage,* 8th Dist.

No. 85824, 2005-Ohio-4011, ¶ 9 (listing several cases wherein trial courts found that the time for filing was unreasonable, even though less than one year).

**{¶21}** Nohle was aware that the case was being dismissed when the trial court announced its decision at the pretrial conference on July 28, 2011. However, she waited for an entire year, until July 31, 2012, before filing her motion for relief from judgment. This is a case involving a 2005 automobile accident; the parties are entitled to have the matter resolved within a reasonable time. Given the history of delays in this matter, the trial court did not abuse its discretion when it found that the motion for relief from judgment was untimely.

**{¶22}** Because all three prongs of the *GTE* test must be met in order for a motion for relief for default judgment to be granted, the fact that Nohle failed to file her motion within a reasonable time is sufficient to justify the trial court's decision. Therefore, we need not consider whether Nohle established that her failure to attend the required mediation and pretrial hearing was the result of an excusable reason under the statute.

**{¶23}** Nohle also raises an issue concerning the fact that she was not warned that her failure to attend the mediation and prosecute her claim could lead to dismissal with prejudice. She also maintains that the trial court erred when it failed to consider less drastic sanctions. However, these are matters that could have been raised in an appeal from the judgment entry dismissing the case. Civ.R.

60(B) cannot be used as a substitute for appeal. *See*, *e.g.*, *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 1998-Ohio-643. Because Nohle did not file a timely appeal of the dismissal of the case, these matters are now barred by res judicata.

{¶24} Upon review, we find that the trial court did not act unreasonably, arbitrarily or unconscionably by concluding that Nohle failed to meet her burden of establishing the timeliness of her motion for relief from judgment. Accordingly, Nohle's assignment of error is overruled.

{¶25} Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**