[Cite as *Glessner v. Select Genetics L.L.C.*, 2016-Ohio-532.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

JOHN W. GLESSNER, JR.,

    PLAINTIFF-APPELLEE,             CASE NO. 10-15-12

    v.

SELECT GENETICS LLC, ET AL.,          O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Mercer County Common Pleas Court
Trial Court No. 15-CIV-047

Judgment Reversed and Cause Remanded

Date of Decision: February 16, 2016

APPEARANCES:

    *Amanda Stacy Hartman* **for Appellants**

    *John C. Albert* **for Appellee**

**ROGERS, J.**

{¶1} Defendants-Appellants, Select Genetics LLC, Antoinetta Debruijn, individually and as managing member of Select Genetics LLC, and Bert Debruijn, individually, (collectively "Appellants"), appeal the judgment of the Court of Common Pleas of Mercer County ("Mercer County") denying their motion for relief from judgment and reaffirming its entry of judgment by confession in favor of Plaintiff-Appellee, John W. Glessner, Jr. ("Appellee"). On appeal, Appellants argue that the trial court erred by denying their motion for relief from judgment insofar as (1) Appellee had already obtained a cognovit judgment on the promissory note in the Court of Common Pleas of Franklin County ("Franklin County") and (2) Appellee did not provide the original warrant of attorney prior to confessing judgment in Mercer County, as required by R.C. 2323.13(A). For the reasons that follow, we reverse the judgment of the trial court.

{¶2} On May 1, 2015, Appellee filed a "Complaint for Confession of Judgment" in Mercer County alleging that Appellants owed him $252,500, plus interest, pursuant to the terms of a promissory note entered into in March 2012 between Appellee, as creditor and promisee, and Appellants, as makers and promisors. The note related to Appellants' purchase of a high genomic dairy cow.

{¶3} Along with the complaint, Appellee filed an "Affidavit of Attorney Confessing Judgment" and an "Answer by Warrant of Attorney to Confess

Judgment" in which Appellants admitted to the allegations contained in the complaint and confessed judgement in the amount of $252,500, plus interest.

{¶4} On May 4, 2015, the trial court entered an "Entry of Judgment by Confession" against Appellants in the note's full amount, plus interest.

{¶5} On May 21, 2015, Appellants filed a "Motion for Relief from Judgment," pursuant to Civ.R. 60(B), alleging that the judgment was void because (1) Appellee had already obtained a cognovit judgment on the note in Franklin County in April 2014 and was barred by the doctrine of res judicata from obtaining a second cognovit judgment on the note in Mercer County and (2) Appellee did not present the original warrant of attorney in Mercer County prior to confessing judgment, as required by R.C. 2323.13(A).

{¶6} Attached to Appellants' motion was a copy of (1) the note; (2) the Franklin County "Entry of Judgment by Confession" against Appellants in the amount of $252,500, plus interest; (3) its underlying filings (i.e., complaint for confession of judgment, answer by warrant of attorney to confess judgment, and the affidavit of attorney confessing judgment); (4) the certificate of judgment lien filed with the Franklin County Clerk of Courts[1]; and (5) a decision and order from

---

[1] According to Appellants' brief, Appellee also filed a copy of the certificate of judgment lien with the Mercer County Clerk of Courts.

a Wisconsin court granting Appellants' motion to stay enforcement of the Franklin County judgment.[2]

{¶7} On June 9, 2015, Appellee filed a memorandum in opposition arguing that the doctrine of res judicata did not apply because his cognovit judgment out of Franklin County was void for lack of subject matter jurisdiction. Appellee further argued that R.C. 2323.13 specifically allowed for the filing of a copy of the warrant.

{¶8} On July 16, 2015, the trial court denied Appellants' motion finding that they could not assert a successful res judicata defense and R.C. 2323.13(A) did not require the original warrant be filed.

{¶9} It is from this judgment that Appellants appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED IN DENYING APPELLANTS' 60(B) MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE DOCTRINE OF RES JUDICATA PREVENTS APPELLEE FROM OBTAINING A SECOND JUDGMENT AGAINST APPELLANTS ON THE SAME PROMISSORY NOTE IN A SECOND COURT IN OHIO.**

---

[2] The Wisconsin court granted Appellants' motion based on its concern that "the judgment issued by [Franklin County] may be void under Ohio law because it lacked subject-matter jurisdiction." (Docket No. 13, p. 57). Specifically, the court questioned whether Franklin County had subject matter jurisdiction over the note because Franklin County was not "the county where the maker or any of several makers resides or signed the warrant of attorney." R.C. 2323.13(A).

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN DENYING APPELLANTS' 60(B) MOTION FOR RELIEF FROM JUDGMENT AND REAFFIRMING ITS MAY 4, 2015, COGNOVIT JUDGMENT BECAUSE THERE ARE CURRENTLY TWO SEPARATE JUDGMENTS AGAINST APPELLANTS ON THE SAME PROMISSORY NOTE IN TWO SEPARATE JURISDICTIONS IN OHIO; NEITHER OF WHICH HAVE BEEN VOIDED.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED IN DENYING APPELLANTS [SIC] 60(B) MOTION FOR RELIEF FROM JUDGMENT AND REAFFIRMING ITS MAY 4, 2015, COGNOVIT JUDGMENT BECAUSE A CERTIFICATE OF JUDGMENT WAS FILED AND NEVER VACATED IN MERCER COUNTY, OHIO REFLECTING THE COGNOVIT JUDGMENT OBTAINED BY APPELLEE IN THE FRANKLIN COUNTY, OHIO COMMON PLEAS COURT AGAINST APPELLANTS ON APRIL 21, 2014.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN DENYING APPELLANTS [SIC] 60(B) MOTION FOR RELIEF FROM JUDGMENT AND REAFFIRMING ITS MAY 4, 2015, COGNOVIT JUDGMENT BECAUSE THE MAY 4, 2015, COGNOVIT JUDGMENT DOES NOT SUPERSEDE THE FRANKLIN COUNTY, OHIO, COMMON PLEAS JUDGMENT, WHICH HAS NEVER BEEN VACATED.**

*Assignment of Error No. V*

**THE TRIAL COURT ERRED IN DENYING APPELLANTS' 60(B) MOTION FOR RELIEF FROM JUDGMENT AND REAFFIRMING ITS MAY 4, 2015, COGNOVIT JUDGMENT BECAUSE IT INCORRECTLY RELIED ON THE DECISION AND ORDER ISSUED BY THE MANITOWOC COUNTY CIRCUIT COURT IN WISCONSIN TO DETERMINE THAT**

**THE JUDGMENT OBTAINED BY PLAINTIFF-APPELLEE AGAINST APPELLANTS IN FRANKLIN COUNTY, OHIO WAS VOIDABLE, ALTHOUGH THE FRANKLIN COUNTY, OHIO COMMON PLEAS DOCKET DOES NOT REFLECT THAT THE JUDGMENT IS VOID.**

*Assignment of Error No. VI*

**THE TRIAL COURT ERRED IN DENYING APPELLANTS [SIC] 60(B) MOTION FOR RELIEF FROM JUDGMENT AND REAFFIRMING ITS MAY 4, 2015, COGNOVIT JUDGMENT BECAUSE THE WISCONSIN DECISION AND ORDER DID NOT VOID THE FRANKLIN COUNTY JUDGMENT.**

*Assignment of Error No. VII*

**THE TRIAL COURT ERRED IN DENYING APPELLANTS' 60(B) MOTION FOR RELIEF FROM JUDGMENT AND REAFFIRMING ITS MAY 4, 2015, COGNOVIT JUDGMENT BECAUSE THE APPELLEE DID NOT PRESENT THE WARRANT OF ATTORNEY REQUIRED BY STATUTE.**

{¶10} Due to the nature of Appellant's assignments of error, we elect to address some together.

*Assignments of Error Nos. I, II, III, IV, V, & VI*

{¶11} In their first six assignments of error, Appellants argue that the trial court erred by denying their motion for relief from judgment insofar as the Franklin County judgment remains valid. Specifically, Appellants argue that (1) Appellee is barred under the doctrine of res judicata from obtaining a second cognovit judgment on the note in Mercer County and (2) the trial court lacked authority to supersede the Franklin County judgment. We agree.

Case No. 10-15-12

{¶12} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} To prevail on a motion for relief from judgment brought under Civ.R. 60(B), the moving party must demonstrate that he or she

> (1) has a meritorious defense or claim to present if the relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "The elements entitling a movant to Civ.R. 60(B) relief 'are independent and in the conjunctive; thus, the test is not fulfilled if any one of the requirements is not met.' " *Nohle v. Gwiner*, 3d. Dist. Seneca No. 13-12-59, 2013-Ohio-3075, ¶ 16, quoting *Strack* at 174.

-7-

{¶14} In the case sub judice, the relevant inquiry is whether Appellants had a meritorious defense or claim to present if relief was granted. Specifically, whether the defense of res judicata barred Appellant from obtaining a cognovit judgment on the note in Mercer County.

{¶15} "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.*"* *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998). In other words, "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Grava* at 381, quoting *Norwood v. McDonald*, 142 Ohio St. 299 (1943), paragraph one of the syllabus.

{¶16} In denying Appellants' motion for relief from judgment, the trial court concluded that Appellants did not have a meritorious defense because the doctrine of res judicata did not apply to a judgment rendered by a state court lacking subject matter jurisdiction. Apparently, the trial court believed that

Appellee's first cognovit judgment against Appellants was void because Franklin County lacked subject matter jurisdiction over the note. It explained:

> In [the Wisconsin court's] decision, the court granted [Appellants'] motion to stay enforcement of the Franklin County, Ohio judgment pending [Appellee] obtaining a judgment from a court in Ohio that has determined that it has subject matter jurisdiction on [Appellee's] claims against [Appellants], appeals of which order or judgment have been exhausted in Ohio. Specifically, that court found that the Franklin County [] judgment may be voidable under Ohio law because of lack of subject matter jurisdiction.
>
> Adopting that reasoning, it appears, and this court now determines, that it had subject matter jurisdiction to when it issued the cognovit judgment on May 4, 2015, and that judgment supersedes the [Franklin County] judgment. Furthermore, this court determines that since res judicata is inapplicable to a final judgment rendered by a state court lacking subject matter jurisdiction, defendants are without a meritorious defense to the cognovit judgment issued by this court on May 4, 2015.

(Docket No. 19, p. 2-3).

**{¶17}** However, while a court has the inherent authority to vacate its own void judgments, "the authority to vacate the void judgments of another court is exclusively conferred by the Ohio Constitution on courts of direct review. *Lingo v. State*, 138 Ohio St. 3d 427, 2014-Ohio-1052, ¶ 48, citing Ohio Constitution, Article IV, Section 2(B)(2). Although there are circumstances in which a court may have jurisdiction over an issue that provides the court with an opportunity to declare the judgment of another court void, those circumstances are not present here. *See*, *e.g.*, R.C. 2725.03 (a writ of habeas corpus can only be issued or

determined by the courts or judges of the county in which the institution is located); *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St. 3d 375, 2007-Ohio-5024, ¶ 20 (2007) ("collateral attacks on judgments conceivably can be mounted in either the court that issued the judgment or in a different court, as they involve any new 'proceeding' not encompassed within the proceeding in which the original judgment was entered").

{¶18} In this case, there was never a determination—by a court with jurisdiction to vacate the Franklin County judgment—that Franklin County lacked subject matter jurisdiction over the note (i.e., that the Franklin County judgment was void ab initio). As a result, the trial court's May 2015 "Entry of Judgment by Confession" operated as Appellee's second cognovit judgment against Appellants on the same note.

{¶19} Unless and until a court with proper jurisdiction vacates the Franklin County judgment, the doctrine of res judicata bars Appellee from obtaining a cognovit judgment on the note in Mercer County. For these reasons, the trial court abused its discretion in denying Appellants' motion for relief from judgment.

{¶20} Accordingly, we sustain the Appellants' first, second, third, fourth, fifth, and sixth assignments of error.

*Assignment of Error No. VII*

**{¶21}** In light of our disposition of Appellants' other assignments of error, their seventh assignment of error is rendered moot and need not be considered. App.R. 12(A)(1)(c).

**{¶22}** Having found error prejudicial to the appellants, in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**